# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK DEWAYNE BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-1014-F |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Patrick Brown's (Plaintiff) applications for disability insurance benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Court reverse and remand the Commissioner's decision.

I.   **Administrative proceedings.**

In his applications, Plaintiff alleged that his impairments became disabling in February 2009.  AR 154, 157.[1]  The Social Security Administration (SSA) denied Plaintiff's claims, and at his request, an Administrative Law Judge (ALJ) conducted a hearing.  *Id*. at 30-71.  In March 2013, after reviewing the evidence and the hearing transcript, a second ALJ issued an opinion finding Plaintiff not disabled.  *Id*. at 11-24.  The SSA Appeals Council declined Plaintiff's request for review, *id*. at 1-6, and Plaintiff now seeks review in this Court.  Doc. 1.

II.  **The ALJ's findings.**

Following the well-established five step inquiry to determine whether a claimant is disabled, the ALJ found that Plaintiff:  (1) met the insured status requirements through June 2013; (2) has numerous severe physical and mental impairments; (3) has the residual functional capacity (RFC)[2] to perform light lifting and sedentary standing/walking with numerous exertional and nonexertional limitations; (4) cannot perform past relevant work and "lacks transferable job skills"; (5) has "a limited education"; and (6)

---

[1]   For the parties' briefs, the undersigned's page citations refer to this Court's CM/ECF pagination.  Page citations to the AR refer to that record's original pagination.

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

2

can perform sedentary jobs existing in the national economy. AR 16-23; *see* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps).

### III. Plaintiff's claims.

Plaintiff alleges that the ALJ committed reversible error in failing to consider and discuss his "borderline age situation." Doc. 15, at 14-19. The undersigned agrees, and has therefore elected not to address Plaintiff's remaining claims.[3] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[3] Though the undersigned declines to review Plaintiff's remaining claims in detail, one issue deserves mention. Plaintiff alleges that the ALJ failed to include any mental limitations in the RFC, despite having given great weight to Dr. Laura Lochner's opinion. Doc. 15, at 21-22; *see also* AR 17 (giving "[g]reat weight" to the opinion in Exhibit 10F, which belongs to Dr. Lochner). The undersigned agrees that this is troubling. Dr. Lochner opined that Plaintiff can "relate to others on a superficial work basis" and should "avoid high stress environments which require high production standards or critical decision-making." AR 350, 354. The ALJ did not include these limitations in Plaintiff's RFC or his explain his failure to do so after giving the opinion great weight. *See, e.g., Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (reversing in part on grounds that the ALJ failed to include specific work-related limitations in the RFC which had been included in an opinion on which the ALJ had "expressly placed great weight").

**IV. Analysis.**

**A. Standard for review.**

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (citation and brackets omitted).

**B. The ALJ's failure to consider Plaintiff's "borderline age situation."**

SSA regulations recognize that a claimant's age plays an important factor in determining whether he can adjust to a new vocation. *See* 20 C.F.R. §§ 404.1563, 416.963. A claimant age 50-54 is considered "closely approaching advanced age," and the SSA will consider that such an age and limited work experience "may seriously affect [an] ability to adjust to other work." *Id.* §§ 404.1563(d), 416.963(d). In applying the regulations, the ALJ should "use each of the age categories that appl[y] . . . during the period for which [he] must determine if [the claimant is] disabled." *Id.* §§ 404.1563(b), 416.963(b). However, if a claimant "is within a few days to a few months of reaching an older age category, and using the older age category would result

4

in a determination or decision that [a claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors . . . ." *Id.*

The ALJ found that Plaintiff was forty-five years old – a "younger individual . . . on the alleged disability onset date." AR 22. The ALJ's reliance on Plaintiff's age when his disability allegedly *began* was his first error. *See* 20 C.F.R. §§ 404.1563(b), 416.963(b) (stating that the SSA will use the age category that applies to the "*period*" for which a claimant alleges he is disabled) (emphasis added). Instead, the ALJ should have considered Plaintiff's age on the date of the decision. *See Byers v. Astrue*, 506 F. App'x 788, 790 (10th Cir. 2012) (noting that for plaintiff's supplemental security income and disability insurance benefits claims, the claimant's "age on the date of the ALJ's decision is the relevant date"). When the ALJ issued his decision on March 7, 2013, Plaintiff was within forty-nine days, or approximately one and a half months, from his fiftieth birthday. *See* AR 154, 157 (showing Plaintiff's birthday as April 25, 1963). At age fifty, Plaintiff would no longer be a "younger person," but would be "closely approaching advanced age." 20 C.F.R. §§ 404.1563(c), (d), 416.963(c), (d).

The ALJ next erred in failing to acknowledge that Plaintiff was "within . . . a few months of reaching an older age category" and failing to consider whether he should "use the older age category." 20 C.F.R. §§ 404.1563(b),

5

416.963(b); *see also Daniels v. Apfel*, 154 F.3d 1129, 1133 (10th Cir. 1998) (holding that a claimant "sixty-five days short of the [next] age category[] does fall within the borderline situation"). The undersigned finds this amounts to reversible error. *See, e.g., Daniels*, 154 F.3d at 1136; *Byers*, 506 F. App'x at 791 (reversing on grounds that "it is unclear whether the ALJ was even aware of the potential borderline situation in this case" because "the decision does not address the issue of whether [plaintiff] fell within the borderline or whether he should be considered in the next age bracket" (internal quotations and brackets omitted)).[4]

---

[4] The Commissioner seeks to distinguish any case in which the Court based reversal on the ALJ's failure to consider the borderline age of a claimant that was approaching advanced age, rather than closely approaching advanced age. Doc. 21, at 12-13. But the SSA regulations clearly apply to all the age categories, and the undersigned finds no authority to support the Commissioner's narrow interpretation. In fact, courts have reversed specifically on grounds that an ALJ failed to consider borderline age issues when the categories involved, like here, transitions from younger individuals to closely approaching advanced age. *See, e.g., Patterson v. Apfel*, No. 99-2026, 1999 WL 1032973, at *1-2 (10th Cir. Nov. 15, 1999) (unpublished op.) (noting that the case had been originally reversed and remanded to the SSA because "the ALJ classified [plaintiff] as a 'younger individual' because he was forty-nine years old, but failed to consider the fact that he was only three months shy of his fiftieth birthday, at which point he would be considered as 'closely approaching advanced age'"); *see also Noteware v. Astrue*, No. CIV-10-912-HE, 2011 WL 3651295, at *4-5 (W.D. Okla. Aug. 18, 2011) (unpublished recommendation) (finding that the ALJ erred in failing to consider whether plaintiff, who "was four months away from his fiftieth birthday," was "closely approaching advanced age for purposes of a determination of disability"), *adopted*, 2011 WL 3652255 (W.D. Okla. Aug. 18, 2011) (unpublished order).

Further, the undersigned finds that the error is not harmless. The ALJ found that Plaintiff can perform "light" work, AR 18, but while Plaintiff's RFC for lifting falls within the "light" category, 20 C.F.R. §§ 404.1567(b), 416.967(b), his ability to stand/walk for only two hours in an eight-hour workday falls within the "sedentary" category. *Id.* §§ 404.1567(a), 416.967(a). The three jobs the ALJ identified that Plaintiff can perform are all sedentary. AR 22-23. Under such circumstances, the regulations governing claimants closely approaching advanced age and who are limited to sedentary work must apply. *See Webster v. Barnhart*, 187 F. App'x 857, 859 (10th Cir. 2006) ("Because the ALJ based the denial of benefits on [plaintiff's] ability to perform other sedentary jobs that exist in significant numbers in the national economy, the . . . regulations governing claimants of advanced age who are limited to sedentary work govern this case.").[5]

The ALJ also found that Plaintiff has a limited education, "semi-skilled" past relevant work as a truck driver, and "lacks transferable job skills."[6] AR 22. This is important, because the SSA will consider disabled a

---

[5] The ALJ seems to have recognized this, as he applied 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.19, AR 23, which is applicable to claimants limited to sedentary work. *See* § 201.09.

[6] Somewhat contradictorily, the ALJ began his next finding with the phrase "the claimant has acquired work skills from past relevant work that are transferable to other occupations . . . ." AR 22 (finding No. 10). The undersigned assumes that this is a scrivener's error, because as noted above,

7

claimant that: (1) is limited to sedentary work, (2) is closely approaching advanced age; (3) has limited or less education; and (4) possesses non-transferable semi-skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.10. So, if the ALJ had (1) properly considered Plaintiff's borderline age, and (2) used the older age category after evaluating the overall impact of all the relevant factors, the SSA regulations would have required an automatic finding of disability. Clearly then, the ALJ's error is not harmless.

V. **Recommendation and notice of right to object.**

The ALJ ignored Plaintiff's borderline age category and the undersigned finds that his error is not harmless. So, the undersigned recommends that the Court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by July 13, 2015 under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

the ALJ applied 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.19 which is also applicable when a claimant *lacks* transferrable semi-skills. *See* § 201.19.

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of June, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE